IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. _____

COREY TE'DARRELL MOSES,

    *Plaintiff*,

v.

MARK WALLACE CORUM, in his individual and official capacities; TOWN OF CRAMERTON; and DOES 1 through 10, INCLUSIVE,

    *Defendants*.

**COMPLAINT**

JURY TRIAL DEMANDED

## I. NATURE OF THE CASE

1. This action arises from the excessive force used by Mark Wallace Corum ("Officer Corum") against Corey Te'Darrell Moses ("Plaintiff") while the officer was employed by the Cramerton Police Department in Cramerton, North Carolina. On June 6, 2021, Officer Corum slammed Plaintiff headfirst into the ground at the Gaston County Jail with no lawful or justifiable reason.

2. Officer Corum's conduct, in addition to violating the Fourth and Fourteenth Amendments to the United States Constitution, amounted to assault and battery, or at least negligence, and it caused Plaintiff to sustain serious injuries. Adding insult to injury, the Town of Cramerton ("Cramerton" or "Town") through its agents was aware of Officer Corum's prior use of unjustified and excessive force against other citizens in the area. Accordingly, this lawsuit also brings claims against the Town of Cramerton for its negligent hiring, retention and supervision of Officer Corum.

## II. JURISDICTION

3. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) and 42 U.S.C. § 1988 because the claims asserted by Plaintiff arise under the laws of the United States and seek redress for rights guaranteed by the United States Constitution and deprived under color of state law.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all North Carolina state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## III. VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) the events giving rise to the claim occurred in this District, and (ii) the Defendant Town of Cramerton resides in this District and, upon information and belief, Defendant Mark Wallace Corum resides in this District.

## IV. PARTIES

6. Plaintiff Corey Te'Darrell Moses ("Plaintiff") is a citizen and resident of Gaston County, North Carolina.

7. Upon information and belief, Defendant Mark Wallace Corum ("Officer Corum") is a citizen and resident of Gaston County, North Carolina, residing at 309 Leesville Avenue, Bessemer City, NC 28016.

8. At the time of the events alleged herein, Officer Corum was a sworn police officer with the Cramerton Police Department. Officer Corum's employment with the Cramerton Police Department began on or about January 8, 2019. Officer Corum is sued in his individual and

official capacities as to the state law claims for conduct that was deliberate, malicious, willful, wanton and corrupt, and he is therefore not entitled to any public official immunity or governmental immunity that might otherwise shield him from liability. As for Plaintiff's claims under 42 U.S.C. § 1983, Officer Corum is sued in his individual capacity for conduct taken under color of state law in violation of the United States Constitution and is not entitled to any qualified immunity or other immunity that might otherwise shield him from liability.

9. Defendant Town of Cramerton ("Cramerton" or "Town") was, at all times relevant herein, a municipal corporation duly organized and existing under the laws of North Carolina that was acting under the laws of North Carolina. Defendant Cramerton hired, retained and supervised Officer Corum as a police officer to carry out his duties on behalf of the Town. Cramerton has waived immunity for liability by the purchase of liability insurance and/or by participating in a local government risk pool. Accordingly, Cramerton has waived any claim of governmental immunity with respect to this action. Cramerton is sued under the state law claims for the conduct of its employees (including Officer Corum and Does) for which the Town is liable under *respondeat superior*.

10. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the unlawful conduct alleged herein.

V. **FACTUAL BACKGROUND**

11. On June 6, 2021, Plaintiff was arrested by Defendant Officer Corum in Gaston County, North Carolina, for Driving While Impaired. Following the arrest, Officer Corum transported Plaintiff to the Gaston County Jail.

12. At the jail, Plaintiff was taken to the nursing station where he was cleared for entry into the jail.

13. Officer Corum and Plaintiff then walked together to the jail's Intoxilyzer Room. Plaintiff walked slowly but had no trouble standing or walking.

14. Once in the Intoxilyzer Room, Plaintiff sat in the chair nearest to the door beside a table. While there, Plaintiff picked up a telephone to call a witness pursuant to his statutory right to have a witness observe any chemical testing procedures performed on Plaintiff. *See* N.C.G.S. § 20-16.2 ("You may call an attorney for advice and select a witness to view the testing procedures remaining after the witness arrives").

15. Officer Corum took the phone from Plaintiff and placed it back on its base. Plaintiff made no other movements, gestures or actions, threatening or otherwise, towards Officer Corum.

16. Officer Corum was on the SWAT team and has trained in ji-jitsu. According to Officer Corum, ji-jitsu is the art of "submission wrestling." He began this training in 2009 and continued at least up until the date of this incident in June 2021, even participating in ji-jitsu competitions.

17. Taking Plaintiff's passive demeanor together with Officer Corum's extensive martial arts training, it is no surprise that Officer Corum, according to his own statements, never felt threatened by Plaintiff and never believed that Plaintiff would attempt to harm Officer Corum in any way.

18. Nevertheless, Officer Corum picked up Plaintiff and threw him headfirst onto the floor, slamming Plaintiff into the ground.

19. Because the rules of civil procedure require stating what should be obvious: Officer Corum did not have consent for this violent and unjustified act.

20. As a result of this application of force, Plaintiff was knocked unconscious and broke his tooth. More than half of Plaintiff's lateral incisor tooth broke off and fell onto the ground. Plaintiff also suffered abrasions to his hand, bruising and soreness to his face, a very serious headache in the days following the incident, and recurring headaches thereafter that lasted for months.

21. While Plaintiff had the broken tooth repaired after the incident, it sometimes still causes him significant discomfort and pain. Plaintiff incurred medical expenses for the dental repair as well as for other medical services received.

22. Prior to this incident, Plaintiff's lateral incisor was fully intact, Plaintiff did not have these injuries to his hand and face, and he did not suffer serious or recurring headaches.

23. Officer Corum and Sheriff Deputies then picked up Plaintiff and dragged him to a holding cell.

24. Officer Corum next decided to draw Plaintiff's blood.

25. Plaintiff is afraid of needles and squirms during routine vaccinations and blood draws while at the doctor. Plaintiff explained this fear to both Officer Corum and Victoria Owens, the paramedic. When Ms. Owens attempted to draw Plaintiff's blood, Plaintiff would tense up or move his hand. Rather than address Plaintiff's fear, Officer Corum strapped Plaintiff to a restraint chair and applied extreme pressure to Plaintiff's hypoglossal nerve (located under the jaw) to force him into submission during the blood draw. This pressure caused Plaintiff extreme pain and raised his anxiety and emotional distress, especially given that the person applying the pressure (Officer Corum) had just body slammed him into the ground.

26. Officer Corum's conduct towards Plaintiff is in keeping with his conduct towards other Gaston County citizens. On February 25, 2020, Frederick Black filed a civil rights lawsuit against Officer Corum alleging excessive force arising out of an encounter between the two in 2017. As that lawsuit alleges, Officer Corum "punched Plaintiff [Black] in his mouth and broke Plaintiff's front tooth" before proceeding to "repeatedly beat Plaintiff on his head and body." *See Black v. Corum*, No. 3:20-cv-00111 (W.D.N.C. Feb. 25, 2020), ECF No. 2 at *5 (Amended Complaint). Officer Corum was at the time employed by the Bessemer City Police Department, which is another police department in Gaston County, North Carolina. According to public records, the lawsuit settled pre-answer for a significant sum. The Town of Cramerton knew or should have known of Officer Corum's prior use of excessive force when hiring, retaining and supervising him.

27. All charges against Plaintiff arising from this incident have been dismissed.

## VI. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Violation of 42 U.S.C. § 1983 Against Officer Corum for Use of Excessive Force Under the Fourth and Fourteenth Amendments)**

28. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

29. Plaintiff brings this claim against Officer Corum in his individual capacity as a police officer with the Cramerton Police Department.

30. This claim is brought pursuant to 42 U.S.C. § 1983 for violation of rights protected by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution. Specifically, Plaintiff brings this claim under the Fourth Amendment (which applies to the actions of Officer Corum under the Fourteenth Amendment); and Plaintiff brings

this claim as an independent, standalone claim under the Fourteenth Amendment. Both the Fourth Amendment claim (made applicable under the Fourteenth Amendment) and the independent Fourteenth Amendment claim are evaluated under the same "objective reasonableness" standard.

31. All actions complained of herein were taken under color of state law for purposes of 42 U.S.C. § 1983.

32. Officer Corum slammed Plaintiff headfirst into the ground with no legal justification, constituting excessive force under the Fourth and Fourteenth Amendments.

33. Officer Corum applied extreme pressure to Plaintiff's hypoglossal nerve with no legal justification, constitutive excessive force under the Fourth and Fourteenth Amendments.

34. These applications of force were not accidental.

35. These applications of force caused serious injury to Plaintiff.

36. Plaintiff seeks and is entitled to compensatory damages and all other damages for the injuries suffered due to Officer Corum's violations of Plaintiff's rights under the Fourth and Fourteenth Amendments.

37. Plaintiff also seeks punitive damages to the extent allowed by law against Officer Corum for his actions that were malicious, willful and wanton.

38. Plaintiff also seeks attorneys' fees to the extent allowed by law, including pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**(Assault and Battery and Negligence Against Officer Corum and the Town of Cramerton)**

39. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

40. Plaintiff brings these claims against Officer Corum in his individual and official

capacities as a police officer with the Cramerton Police Department.

41. At the time of his actions as alleged herein, Officer Corum was acting as an employee and agent of the Cramerton Police Department and the Town of Cramerton and within the course and scope of his official employment with those agencies. Officer Corum was on duty and was assigned to carry out his lawful duties which he failed to do.

42. Officer Corum's use of excessive force against Plaintiff constituted assault and battery.

43. Further, in using excessive force against Plaintiff, Officer Corum acted deliberately, maliciously, willfully, wantonly and corruptly, and without Plaintiff's consent. In doing so, Officer Corum caused the serious injuries and medical expenses alleged herein.

44. In the alternative, Officer Corum used excessive force against Plaintiff negligently.

45. Plaintiff also brings these claims against the Town of Cramerton as the principal of its agent, Officer Corum, under *respondeat superior*. Upon information and belief, the Town has waived immunity for claims brought against the Town that arise from the conduct of its agents who, like Officer Corum here, act within the scope of their employment.

46. Plaintiff is entitled to and seeks compensatory damages from Officer Corum and the Town.

47. Plaintiff is entitled to and seeks punitive damages against Officer Corum.

### THIRD CLAIM FOR RELIEF
**(Negligent Hiring, Retention and Supervision Against the Town of Cramerton)**

48. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

49. Plaintiff brings this claim against the Town of Cramerton for negligently hiring, retaining and supervising Officer Corum.

50. As explained above, Officer Corum committed tortious acts involving the excessive use of force that resulted in injuries to Plaintiff.

51. At the time he committed those tortious acts against Plaintiff, Officer Corum was and had been inherently unfit to carry out the duties of a police officer. During Officer Corum's prior employment with a different police department in the same County, Officer Corum, while on duty, punched another citizen causing his tooth to break (like Plaintiff's tooth here) and then repeatedly beat the citizen on his head and body. The citizen filed a federal civil rights lawsuit against Officer Corum in this District stemming from those acts. *See Black v. Corum*, No. 3:20-cv-00111 (W.D.N.C. Feb. 25, 2020), ECF No. 2 (Amended Complaint). That lawsuit, which was public and unsealed, settled for a significant sum. Officer Corum's inherent unfitness may be inferred from the specific prior acts detailed in that lawsuit.

52. The Town of Cramerton knew or could have known of these specific prior acts had it used ordinary care in hiring, retaining and supervising Officer Corum. It is a common hiring practice to inquire into a candidate's prior employment history, including any wrongdoing alleged, complaints made or lawsuits filed against the candidate. Upon information and belief, the Town of Cramerton relied on this common practice when interviewing and conducting background checks on prospective police officers, during which the Town learned of Officer Corum's specific prior acts. At minimum, the Cramerton Police Department was required to rely on this common practice as the standard of care for hiring police officers. In either case, the Town of Cramerton had actual or at least constructive knowledge of Officer Corum's specific prior acts, from which the Town could have inferred Officer Corum's inherent unfitness.

53. The Town of Cramerton, through its agents (including Does), nevertheless hired, retained and supervised Officer Corum. It is no surprise that his inherent unfitness revealed itself in his encounter with Plaintiff in much the same manner as it did in his encounter with Mr. Black—excessive force leading to a broken tooth.

54. Upon information and belief, the Town has waived immunity for claims brought against the Town for negligence and/or that arise from the conduct of its agents (like Does) who, acting within the scope of their employment, negligently hire, retain and supervise police officers.

55. Plaintiff is entitled to and seeks compensatory damages against the Town of Cramerton.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A. An Order finding in favor of Plaintiff on all causes of action alleged herein;

B. The grant of any reasonable request to amend Plaintiff's Complaint to conform to the discovery and evidence obtained in this lawsuit;

C. Compensatory damages;

D. Punitive damages;

E. An award of attorney's fees and costs and expenses; and

H. Such other and further relief as this Court may deem just, equitable, or proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury of the claims asserted in this Complaint so triable.

\* \* \* Signatures Appear on Following Page \* \* \*

Respectfully submitted this the 5th day of June, 2024.

/s/ Gagan Gupta
Gagan Gupta (NCSB #: 53119)
Email: ggupta@tinfulton.com
Abraham Rubert-Schewel (NCSB #: 56863)
Email: schewel@tinfulton.com
TIN FULTON WALKER & OWEN PLLC
119 Orange Street, Floor 2
Durham, NC 27701
Telephone: (919) 307-8400

*Counsel for Plaintiff Corey Te'Darrell Moses*

11