UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:24-cv-00534

| | |
|---|---|
| COREY TE'DARRELL MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CONSENT PROTECTIVE ORDER** |
| MARK WALLACE CORUM, in his ) | |
| individual and official capacities, TOWN ) | |
| OF CRAMERTON, and DOES 1 through ) | |
| 10, INCLUSIVE, ) | |
| ) | |
| Defendants. ) | |

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above-captioned proceeding, which documents and information relate to employee personnel files, body worn camera footage and incident reports that may be disclosed only under court order, pursuant to N.C.G.S. §160A-168 and §132-1.4A. The parties have sought such an order so as to be in compliance with this statute and to protect the safety, security and integrity of the Town of Cramerton and its employees.

By consent, IT IS HEREBY ORDERED THAT:

1.  Upon proper request pursuant to the Federal Rules of Civil Procedure, the Parties may obtain confidential information.

2.  Any such confidential information obtained in this action shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL" or a comparable notice. Any party may object to a designation of any documents or information as "CONFIDENTIAL" by any

other party. After an objection is made to any designation according to this paragraph, the designated documents or information shall be treated according to the designation and not disclosed as set forth in paragraph 3 below, until the matter is resolved according to the procedures described in paragraph 8 below.

3. In the absence of further order of this Court, Confidential information obtained in accordance with the provisions of paragraph 2 shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties and third parties whose records are produced, (iv) all counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (v) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (vi) witnesses as necessary to prepare for trial or testimony in this action. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual's right to examine confidential records under N.C.G.S. § 160A-168, 132-1.4A to the extent permitted by law.

4. Confidential information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (v) unless he or she shall have first read this Order and shall have agreed, by letter submitted to counsel for the Defendants named in this Order: (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If the Court orders, or if counsel for the Defendants named in this Order agrees, that access to, or dissemination of, information obtained as confidential information shall be made

4859-5882-2638, v. 1

to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action, and marked in accordance with paragraphs 2 above, shall be submitted along with a concurrently-filed motion to seal pursuant to LCvR 6.1(c). Any portion of a transcript in connection with this action containing any confidential information submitted pursuant to paragraphs 1 and 2 shall be bound separately and filed under seal. When any confidential information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL." The parties also agree to comply with other requirements of filing a motion to seal as may otherwise be required by the Court.

7. If confidential information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel, and without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to

apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Upon final adjudication of this action, all confidential information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be disposed of in the manner provided by a separate final Order to issue from this Court.

10. This Order is entered without prejudice to any Party seeking further orders from the Court regarding the additional disclosure of, or restriction of, confidential information.

Signed: December 4, 2024

Graham C. Mullen
United States District Judge

CONSENTED TO BY:

/s/ *Gagan Gupta*
Gagan Gupta
Attorney for Plaintiff

/s/ *Ryan D. Bolick*
Ryan D. Bolick
Attorney for Defendants

4859-5882-2638, v. 1